PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY DRAYTON, ) | |
| ) | CASE NO. 4:14cv2701 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 2] |

*Pro se* plaintiff Anthony Drayton, a federal inmate at the privately-owned Northeast Ohio Correctional Center ("NEOCC"), brings this *in forma pauperis* civil rights action against Corrections Corporation of America and NEOCC Warden Michael Pugh. Plaintiff alleges in his very brief complaint that he was prescribed a generic substitute medication that has caused him to have difficulties sleeping. ECF No. 1 at 3. Plaintiff contends that Defendants knew of his allergy to the generic medication, but prescribed it to him nonetheless. *Id.* Plaintiff appears to be asserting a violation of his Eighth Amendment right to be free from cruel and unusual punishment. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

**I. Legal Standard**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. §

(4:14cv2701)

1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)  (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  A plaintiff is not required to include detailed factual allegations, but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II.  Law and Analysis

Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate Eighth Amendment protections.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers,*

2

(4:14cv2701)

475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, the few generalized allegations set forth in the complaint do not reasonably suggest a factual basis indicating that Defendants might have violated Plaintiff's Eighth Amendment rights. In *Minneci v. Pollard*, 132 S. Ct. 617 (2012), the Supreme Court held that a federal prisoner could not assert a *Bivens* claim for deliberate indifference to serious medical needs under the Eighth Amendment because California state tort law provided an alternative, existing process capable of protecting the constitutional interests at stake. *Minneci*, 132 S. Ct. at 624–25. In so holding, the Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located." *Id.* at 624. This list includes Ohio. *See Clemets v. Heston*, 485 N.E.2d 287, 291 (Ohio Ct. App. 1985). Accordingly, Plaintiff's allegations, even accepted as true, would not be properly maintained as a constitutional claim, but rather as a claim under state tort law.

### III. Conclusion

Plaintiff's complaint, even liberally construed in a light most favorable to Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not state a valid federal claim. Accordingly, the request to proceed *in forma pauperis* (ECF No. 2) is granted and this action is dismissed under 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. §

3

(4:14cv2701)

1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|  May 29, 2015 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |